IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CMB EXPERT, LLC d/b/a CMB REGIONAL CENTERS, § § § § | | |
| Plaintiff, § § | | |
| V. § | No. 3:14-mc-51-B-BN | |
| § | | |
| KIMBERLY ATTEBERRY, et al., § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO TRANSFER AND SETTING ORAL ARGUMENT ON MOTIONS TO QUASH**

Nonparties Encore Enterprises, Inc. and Encore Global (collectively, "Encore") have filed a Motion to Quash [Dkt. No. 1] and, subsequently, an Amended Motion to Quash [Dkt. No. 13] (collectively, the "Motions to Quash") subpoenas issued to them by Plaintiff CMB Expert, LLC d/b/a CMB Regional Centers ("CMB"). CMB has filed a Motion to Transfer Encore's Motion to Quash [Dkt. No. 5], which Encore opposes. District Judge Jane J. Boyle has referred these motions to the undersigned magistrate judge. *See* Dkt. Nos. 9 & 14.

CMB's Motion to Transfer [Dkt. No. 5] is DENIED for the reasons explained below.

Encore's Motion to Quash [Dkt. No. 1] and Amended Motion to Quash [Dkt. No. 13] are set for telephonic oral argument on **June 6, 2014 at 2:00 p.m Central Time** before U.S. Magistrate Judge David L. Horan. By **4:00 p.m. on June 5, 2014**, Encore's counsel shall circulate a dial-in number to CMB's counsel and to

horan_orders@txnd.uscourts.gov. Counsel for each party shall contact Vila Fisher at (214) 753-2165 no later than **4:00 p.m.** on **June 5, 2014** to confirm that counsel will be available for the telephonic oral argument.

CMB seeks to transfer Encore's Motions to Quash to the issuing court and the court where the underlying action is pending, the United States District Court for the Central District of Illinois, Rock Island Division. *See* Dkt. No. 5. Encore opposes CMB's Motion to Transfer. *See* Dkt. No. 16.

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Because Encore does not consent to transfer, the Court may only transfer the Motions to Quash if exceptional circumstances exist.

"[T]he proponent of transfer bears the burden of showing that such circumstances are present." Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments). The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interest outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.*

In support of its Motion to Transfer, CMB asserts that: 1) CMB served subpoenas on several nonparties in multiple jurisdictions requesting the production of documents relating to the defendants in the underlying action; 2) the underlying action is a "fairly complex civil case"; 3) a criminal investigation involving the facts of the underlying case is also pending in the Central District of Illinois; and 4) the Central District of Illinois is already considering motions to stay the underlying action, CMB's motion to compel discovery from defendants, and a motion to extend discovery. CMB also argues that transferring the Motions to Quash will not pose an undue burden on Encore.

Encore opposes the Motion to Transfer and asserts that, because Encore is headquartered and based in Dallas, and because any responsive documents will be located in Dallas, it would be a burden for Encore to litigate the Motions to Quash in the Central District of Illinois. *See* Dkt. No. 16 at 7. Encore also argues that none of the circumstances offered by CMB qualify as "exceptional."

The Court notes that the parties have agreed to consolidate before this Court the only other subpoena-related action cited by either party. *See* Dkt. No. 13 at 3. The remaining circumstances cited by CMB – that the underlying action is "fairly complex," that there is a related criminal case, and that other, at most tangentially related motions are pending before the court in the Central District of Illinois – are not exceptional circumstances warranting a Rule 45(f) transfer. *See, e.g., Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, Misc. A. No. 13-238, 2014 WL 272088, at *3 (E..D. Pa. Jan. 24, 2014) (denying transfer under Rule 45(f) because the fact that

the issuing court undeniably had greater familiarity with the underlying action did not constitute an exceptional circumstance).

CMB's Motion to Transfer [Dkt. No. 5] is DENIED.

SO ORDERED.

DATED: May 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE